Hornblower, C. J.
The first error assigned is that the Circuit Court lias no jurisdiction, in cases of attachment against absconding or non-resident debtors.
This objection has been hinted at before, but never seri) asly insisted on till now. By the 2d section of the act, giving the Circuit Court original jurisdiction, Elm. Dig. 542, it is expressly enacted, that it shall “ have power, authority and jurisdiction, in like manner, and to the like extent, as the courts of Common Pleas, and Supreme Court of this State now have, to institute, *668 hear, try and determine all actions and causes, real, personal and mixed; to conduct the same, issue subpoenas, render judgment, and award execution thereon, according to law and right.” It is insisted however, that the remedy by attachment was not a common law, but a statute remedy ; and that the right and power of issuing such writs was given, by the statute, to the Supreme Court, the Courts of Common Pleas, and to justices of the peace only; and the act, constituting the Circuit Courts, extends to it only the common law powers and jurisdiction of the Supreme Court and Court of Common Pleas.
It is true the first clause of the section goes no further. It says, “ the Circuit Courts of this State shall be, and are hereby constituted, courts of original jurisdiction and of record; and be vested with, and have, all the power and authority incident to courts of common law, except in cases of a criminal nature.” If the act had stopped here, I think the objection would be well founded. But it dqes not. It immediately proceeds to amplify the jurisdiction, by adding the words I have before quoted; giving to the Circuit Court “ power, authority and jurisdiction, in like manner and to the same extent, as the Courts of Common Pleas and Supreme Court of this state now have, &c.”
This objection is therefore overruled, and I hope, definitively settled.
The second error assigned is, that the writ was not issued and signed by the clerk, but by the attorney. The answer to this is, that it will be intended, that the writ was sealed and issued by the clerk, until the contrary appears; and the contrary is not shown. It is well enough to add, that if, in fact, the writ had been written, sealed, and delivered to the officer, by the attorney, without the actual knowledge, or express authority of the clerk, yet if rightly issued, after affidavit filed ; and if recognized by the clerk as a writ out of his court, it would not be quashed on that account.
The third objection is, that the clerk of the Circuit did not forthwith, as soon as the writ was issued, enter in a book, as directed by the act, passed the 22d of February 1889, the name of the plaintiffs and the defendants, the sum, time, &c.
It is sufficient to say, that that act is merely directory to the *669 clerk. It prescribes a duty to be performed by him, for the benefit of purchasers, or others dealing with the defendant in attachment, or with his assets. And whatever liabilities or responsibilities the clerk may incur by neglecting the prescribed duties, his omission to do so cannot vitiate a writ duly and rightfully issued.
The fourth reason assigned for reversal is because the sheriff did not attach “ the rights and credits, moneys and effects, lands and tenements of the defendants.”
The return of the sheriff shows, that he did attach “ property,” as the “ property of the defendants.” If it was not their property, then they have no ground of complaint. If it was their “ property,” then they were attached by it, and the court has jurisdiction to proceed in the cause.
The fifth reason is, that the sheriff did not go to the person, in whose custody or possession the defendant’s property was, and there declare in the presence of one credible person that he attached, &c.
This objection and the next, which is only an amplification of the fifth, may be answered together.
The sixth reason sets out in detail, or more specifically, the particulars in which the sheriff did not strictly pursue the words and directions of the act, in reference to the manner of executing writs of attachment. It is true, it does not appear by the sheriff’s return, that he used the words prescribed in the statute; but he did attach certain property, mentioned in the return, as the property of the defendants in attachment; that he did so, in the presence of a person, and that he made an inventory and appraisement.
We think some of the errors complained of, in relation to this part of the ease, are not true in fact; and that it sufficiently appears by the sheriff’s return, that he did execute the writ substantially, so as to give the court jurisdiction of the property attached. Thompson v. Eastburn, 1 Harr. R. 100.
Another error assigned is, that no such affidavit, as is required by the statute, was made and filed, before the writ was sealed.
It appears by the return to this Certiorari, that a good and sufficient affidavit was made on the 22d of August, 1845, before a justice of the peace, and marked filed, by the clerk on the same day; and, as the law will intend, before the writ was sealed, until the contrary appears.
*670 Lastly,- it is insisted that goods in transitu, passing through the state cannot be attached; but we know of no law, nor of any good reason, why they should not be.
The proceedings below must therefore be
Affirmed.
Whitehead, J. concurred; the other Justices did not hear the argument and expressed no opinion.
Cited in Morris Aqueduct ads. Jones, 7 Vr. 210; Boyd v. King, 7 Vr. 136.